# EXHIBIT B

12/13/2013 3:49:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 76337
By: Nelson Cuero

2013-74784 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| ANTONIO NICOLO | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MIKE RIPLEY, AND | § | |
| ROEHL TRANSPORT, INC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Antonio Nicolo, ("Plaintiff"), complaining of Mike Ripley and Roehl Transport, Inc. ("Defendants") and for cause of action would respectfully show:

I.

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

II.

Plaintiff, Antonio Nicolo's last three numbers of his driver's license number are 086 and the last three numbers of his social security number are 394.

Defendant, Mike Ripley is an individual whose whereabouts are currently unknown. Thus, service of process is not requested at this time.

Defendant, Roehl Transport, Inc., is a foreign for-profit Wisconsin corporation doing business in the State of Texas and which did business in the State of Texas at the time of the incident giving rise to this suit. Defendant, Roehl Transport, Inc., has failed to maintain a registered agent with the Texas Secretary of State. Since this Defendant does not maintain a

**Plaintiff's Original Petition and Requests for Disclosure**

- 1 -

regular place of business in this state and does not have a designated agent for service of process, this Defendant may be served, pursuant to §17.044 of the Texas Civil Practice & Remedies Code, through the Texas Secretary of State, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. It is hereby requested that the Texas Secretary of State send a copy of process to this Defendant's President, Richard Roehl, 1916 E. 29th Street, Marshfield, Wisconsin 54449 (which is the Defendant corporation's home office) via certified mail/return receipt requested.

The incident occurred in Harris County, Texas.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### IV.

On or about February 6, 2012, Plaintiff, Antonio Nicolo, was traveling near the intersection of Beltway 8 and Greens Road when Defendant, Mike Ripley, failed to maintain a single lane and struck the driver's side of Plaintiff's vehicle. The commercial vehicle was owned by Defendant, Roehl Transport, Inc., and was being operated by its employee and/or agent Defendant, Mike Ripley. Based on information and belief, at all times material to this lawsuit Defendant, Mike Ripley, was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with the

**Plaintiff's Original Petition and Requests for Disclosure**
- 2 -

Defendant, Roehl Transport, Inc. As a result of the incident, Plaintiff sustained serious personal injuries.

V.

Defendant, Mike Ripley, for whose acts and omissions Defendant Roehl Transport, Inc. is in all things responsible, engaged in several acts and omissions constituting negligence and such acts and omissions, among others, are as follows:

(a)  In failing to keep a proper lookout for other vehicles using the roadway and/or entering the roadway;

(b)  In failing to control the speed of the truck on a public roadway and/or in driving at an unreasonable speed based upon the conditions that existed;

(c)  In failing to keep such a lookout as a reasonable and prudent person would have kept;

(d)  In failing to properly apply the brakes in sufficient time to avoid the collision;

(e)  In failing to maintain control of Defendants' vehicle;

(f)  In failing to drive in a single lane; and

(g)  In failing to properly apply the brakes or take proper evasive action of any kind prior to impact upon being made aware of the imminent risk of serious injury.

At all times material hereto, all of the agents, servants, and employees of the Defendant Roehl Transport, Inc. including but not limited to Defendant Mike Ripley, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the

CIVIL CASE INFORMATION SHEET (REV. 2/13)

12/13/2013 3:49:45 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 76337

CAUSE NUMBER (FOR CLERK USE ONLY): **2013-74784 / Court: 129**

STYLED: Antonio Nicolo vs. Mike Ripley and Roehl Transport, Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Jonathan C. Kieschnick
Email: jonathan@thecrimlawfirm.com
Address: 4900 Travis St.
Telephone: (713) 807-7800
City/State/Zip: Houston, TX 77002
Fax: (713) 807-8852
Signature: [signed]
State Bar No: 00794883

## Names of parties in case:

Plaintiff(s)/Petitioner(s): Antonio Nicolo

Defendant(s)/Respondent(s): Mike Ripley and Roehl Transport, Inc.

## Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract

**Foreclosure**
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability
- [x] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Employment
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment

### Other Civil
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
Probate/Wills/Intestate Administration
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 5, 2014

Certified Document Number:        58742407

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

acts committed by them, were authorized, approved, and ratified by the Defendant Roehl Transport, Inc.

VI.

Defendant, Mike Ripley, was negligent per se in failing to exercise the mandatory standard of care as follows:

Defendant, Mike Ripley, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.060(a) and (b), and §545.104 pursuant to the negligence Per Se Doctrine which mandate that:

§ 545.060 Driving on Roadway Laned for Traffic

> (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
> (1) shall drive as nearly as practical entirely within a single lane; and
> (2) may not move from the lane unless that movement can be made safely.
> (b) If a roadway is divided into three lanes and provides for two-way movement of traffic, an operator on the roadway may not drive in the center lane except:
> (1) if passing another vehicle and the center lane is clear of traffic within a safe distance;
> (2) in preparing to make a left turn; or
> (3) where the center lane is designated by an official traffic-control device for movement in the direction in which the operator is moving.

§ 545.104 Signaling Turns; Use of Turn Signals

> (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.
> (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.
> (c) An operator may not light the signals on only one side of the vehicle on a parked or disabled vehicle or use the signals as a courtesy or "do pass" signal to the operator of another vehicle approaching from the rear.

The above acts or omissions by Defendant, Mike Ripley, singularly or collectively,

**Plaintiff's Original Petition and Requests for Disclosure**

- 4 -

constituted negligence as a matter of law proximately causing Plaintiff's injuries and damages.

## VII.

Defendant Roehl Transport, Inc. and its agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Mike Ripley, so as to provide for safe operation of vehicles such as the one involved in the occurrence in question;

(b) In hiring, employing, and/or retaining drivers, specifically including Defendant Mike Ripley, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of vehicles such as the one involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant Mike Ripley, so as to provide for safe operation of vehicles such as the one involved in the occurrence in question; and

(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate vehicles such as the one involved in the occurrence in question. At all times material hereto, all of the agents, servants, and employees for the Defendant Roehl Transport, Inc. who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by the Defendant Roehl Transport, Inc.

## VIII.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which he is

**Plaintiff's Original Petition and Requests for Disclosure**
- 5 -

legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future; and
5. Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## IX.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

## X.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that Defendant Roehl Transport Inc. be cited to appear and answer herein; that upon trial hereof Plaintiff have judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

**Plaintiff's Original Petition and Requests for Disclosure**
- 6 -


Respectfully submitted,

THE CRIM LAW FIRM, P.C.

By: _____
Jonathan C. Kieschnick
Texas Bar No. 00796883
4900 Travis Street
Houston, Texas 77002
(713) 807-7800
(713) 807-8852 Fax

**ATTORNEY FOR PLAINTIFF
ANTONIO NICOLO**

Certified Document Number: 58742406 - Page 7 of 7



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 5, 2014

Certified Document Number:     58742406

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**